U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO:

THOMAS TETA,

    Plaintiff,

vs.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS TETA, by and through his undersigned counsel, hereby sues the Defendant, SPIRIT AIRLINES, INC., and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction based on diversity of citizenship 28 USC §1332.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause (choice of law and venue) contained in the Contract of Carriage between Plaintiff and Defendant.

4. At all times material, Plaintiff, THOMAS TETA, was and is a resident of and domiciled in the State of New Jersey, now living in Guttenberg, Hudson County, New Jersey, and at all times material was a passenger on board Defendant's aircraft.

5. At all times material, Defendant, SPIRIT AIRLINES, INC., personally or through an agent:

    a. Operated, conducted, engaged and/or carried on a business venture in and throughout the State of Florida;

    b. Were engaged in substantial business activity in the State of Florida, and in particular, in Fort Lauderdale, Broward County, Florida;

    c. Maintained its principal place of business in Miramar, Broward County, Florida;

    d. Operated aircrafts and commercial flights into and out of the airports in this state;

    e. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court; and

    f. The acts of defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

## COUNT I - NEGLIGENCE

7. On or about August 7, 2015, Defendant owned and operated a commercial flight on which Plaintiff was a passenger.

8. At such time and place, Plaintiff, THOMAS TETA, was lawfully and legally on Defendant's aircraft as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On August 7, 2015, while on Defendant's aircraft, the Plaintiff, THOMAS TETA, was seriously injured when, after a flight attendant placed a bowl of very hot Ramen noodle soup on the meal tray affixed to the back of the seat directly in front of Plaintiff, when the board broke spilling the contents of the soup all over Mr. Teta's groin and inner thigh area, resulting in second and third degree burns.

10. At all times material hereto Defendant, SPIRIT AIRLINES, INC., owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, SPIRIT AIRLINES, INC., breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

a. Unreasonably heating the soup to a dangerously high temperature;

b. Serving hot soup to passengers in a dangerous manner;

c. Failing to use reasonably safe meal trays to serve hot soup to guests;

d. Failing to warn guests of the unsafe temperature of the scalding soup;

e. Failing to warn guests of the unsafe conditions of meal boards;

f. Failing to inspect the meal boards before utilizing the same;

g. Failing to implement safety procedures for inspecting and repairing or replacing the broken or worn meal boards before utilizing the same;

h. Failing to implement safety procedures for serving hot meals to guests;

i. Failing to exercise reasonable care for the safety of guests;

j. Failing to train competent and experienced aircraft attendants;

k. Failing to implement safety procedures to discover worn and unsafe meal boards;

l. Failing to implement protocols to gauge the temperature of soups served to guests;

m. Failing to maintain its equipment on the airline in a reasonable safe condition;

n. Failing to provide reasonable medical care and treatment to guests;

o. Failing to provide reasonably safe meal trays for use by its passengers;

p. Allowing this dangerous condition to exist despite prior similar incidents on this and other vessels in its fleet and this class, with sufficient frequency to both provide notice and create a pattern of conduct which demands remedy; and

q. Other acts of fault and negligence which will be proven at the trial of this matter.

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, THOMAS TETA, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, scarring, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, THOMAS TETA, demands judgment, interest and costs against Defendant, SPIRIT AIRLINES, INC., a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: August 1, 2017.

                              **HOLZBERG LEGAL**
                              Offices at Pinecrest II, Suite 220
                              7685 S.W. 104th Street
                              Miami, Florida 33156
                              Telephone: (305) 668-6410
                              Facsimile:   (305) 667-6161

BY:    _s/ Glenn J. Holzberg_
          GLENN J. HOLZBERG
          Fla. Bar No. 369551